UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
09-CIV-20472-HOEVELER

**INSPIRATION YACHT CHARTERS, INC.,**
    Plaintiff,

v.

**INSPIRATION YACHT CHARTERS, II, INC.,**
**and ALLIED MARINE, LLC**
    Defendants

_____/

### ORDER

BEFORE the Court is the defendant Inspiration Yacht Charters II, Inc.'s motion to compel non-party witness Frank Grzeszczak to answer questions that he refused to answer during his deposition, and for sanctions.

Mr. Grzeszczak is the yacht broker for the plaintiff. He was deposed by Craig Calle on May 6, 2009 but would not answer questions about "unkind comments" he may have made about the yacht buyer, Glenn Straub. Mr. Grzeszczak allegedly made the comments to Captain Gallagher, another of the plaintiff's representatives, over the telephone on February 12, 2008. At the time, Captain Gallagher was in Bermuda with Mr. Straub to close the yacht sale.

When asked about the comments during the deposition, Mr. Grzeszczak explained that, "[s]ometimes I say things that I wouldn't normally say, and I just don't want to answer that question. . . . If I need to answer at a later date, I will." Mr. Galle asked him "to reconsider your position because it obviously is an issue in this case," and explained that if he did not answer,

1

the defendant would file a motion to compel and seek attorneys fees. Mr. Grzeszczak's attorney, Michael Moore, did not object to the questions or comment about his client's refusal to answer. Eventually, Mr. Galle adjourned the deposition and filed this motion to compel. The parties now dispute whether the "unkind comments" are relevant and discoverable, and also whether Mr. Moore missed his chance to seek a protective order.

This lawsuit is about determining whether the buyer or the seller is entitled to the $690,000 security deposit from the unsuccessful yacht sale. Information about what happened in the Bahamas on or around February 12, 2008 is relevant to sorting this out. In opposing the motion to compel, Mr. Moore suggests that the relevance of the comments, if any, is insignificant compared to the embarrassment to his client. Although the Court is not unsympathetic to the witness's reluctance to discuss comments he "normally wouldn't say," in fact, he said what he said. This is not particularly private information, in that Mr. Grzeszczak is simply being asked to recount what he told a business associate about a man on the opposite side of a contentious commercial transaction. It certainly wouldn't be the first time "unkind comments" were made in these circumstances. The testimony is relevant, sheds light on relevant events, and the defendant is entitled to hear it.

Ordinarily, a deponent's attorney who prevents his client from answering questions without following the procedure dictated by Federal Rule 30(d)(3) (2009) may be liable to pay attorneys fees. In this case, however, Mr. Moore never instructed the witness not

2

to answer. Nor did Mr. Moore call an end to the deposition. On the other hand, nor did he advise the witness to answer a question that was relevant and proper, and clearly so, even though doing so may have spared the need for (and expense of) this motion to compel and the next round of Mr. Grzeszczak's deposition. He remained cautiously, and perhaps strategically, silent.

The Court denies the request for the attorneys fees for Mr. Galle's time required to bring the motion to compel. But the Court awards Mr. Galle $395.00 for the hour or so it will take to resume and conclude the deposition, based on his stated hourly rate. Mr. Grzeszczak is ordered to make himself available at an agreeable time to continue the deposition and answer the questions.

**DONE AND ORDERED** in chambers, Miami, Florida, June 8th, 2009.

*/s/ Wm M Hoeveler*
WILLIAM M. HOEVELER
UNITED STATES DISTRICT COURT JUDGE

Copies to all counsel

3