UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

09-CIV-20472-HOEVELER

**INSPIRATION YACHT CHARTERS, INC.,**
    Plaintiff,

v.

**INSPIRATION YACHT CHARTERS, II, INC.,
and ALLIED MARINE, LLC**
    Defendants

------

## ORDER

BEFORE the Court is Inspiration Yacht Charters II, Inc.'s motion [DE 61] to compel the deposition of non-party witness Frank Grzeszczak and for attorneys fees. The Court has reviewed the record and the transcript of the August 6, 2009 conference between the lawyers.

This is the second time the Court has addressed Mr. Grzeszczak's deposition. At his May 6, 2009 deposition, Grzeszczak refused to answer questions. On June 8, 2009, the Court granted Inspiration II's motion to compel and ordered Grzeszczak to respond at a second deposition. His second deposition was scheduled for August 6, 2009, at 10 a.m., at his office in Ft. Lauderdale. That morning, Craig Calle, counsel for Inspiration II, notified Mr. Grzeszczak's lawyers that he was running about fifteen minutes late coming from West Palm Beach because of a traffic accident on the highway. By the time Mr. Calle arrived at 10:35 a.m., Grzeszczak had already left. Mr. Calle seeks an order compelling the

1

deposition and attorney's fees for his time preparing the motion to compel.

On the morning of August 6, Mr. Grzeszczak's lawyer, Erin Ackor, acknowledged that Mr. Calle was entitled to reschedule the deposition. It appears that the motion to compel was unnecessary and, therefore, Mr. Calle's request for attorney's fees in preparing the motion is denied.

On the other hand, everyone knew Mr. Calle was running late that morning; he was in contact with opposing counsel by telephone and email between about 9:50 and 10:35 a.m. Mr. Grzeszczak had no business leaving the deposition room when he did. To the extent he scheduled other appointments that morning, he was in violation of the Court's June 8, 2009 Order, which explicitly stated that the deposition would take an hour or so. Grzeszczak left 30 minutes into the hour, and only minutes after the time when Mr. Calle was expected to arrive. If Grzeszczak continues to waste time and prevent discovery, he will answer to the Court in person. Grzeszczak is personally responsible for one hour of Mr. Calle's time spent attending the August 6 deposition and the $144 court reporter fees. These charges shall be made at the conclusion of the case. Ms. Ackor is instructed to deliver of copy of this order to her client.

**DONE AND ORDERED** in Miami, Florida, September 15, 2009.

_____
WILLIAM M. HOEVELER
UNITED STATES DISTRICT COURT JUDGE