UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
09-CIV-20472-HOEVELER

INSPIRATION YACHT CHARTERS, INC.,
      Plaintiff,

v.

INSPIRATION YACHT CHARTERS, II, INC.,
and ALLIED MARINE, LLC
      Defendants

_____/

## ORDER ON MOTION FOR
## JUDGMENT ON THE PLEADINGS

BEFORE the Court is Inspiration Yacht Charters, II's motion for judgment on the pleadings concerning Count VII of the complaint. The motion has been briefed and is ready for a decision. For the reasons that follow, the motion is GRANTED.

### Background

This is a dispute about an unsuccessful yacht sale. Inspiration Yacht Charters (Inspiration I) was the seller; Inspiration Yacht Charters, II (Inspiration II) was the buyer. According to the amended complaint, on February 4, 2009 buyer and seller entered a Brokerage Purchase and Sale Agreement for the sale of a 156 foot yacht. Allied Marine LLC acted as the broker and escrow agent for the sale.[1] The purchase price was $7 million, which the buyer paid to Allied to be held in escrow until the sale was completed.

---

[1] The Brokerage Purchase and Sale Agreement is Exhibit A to the plaintiff's complaint. It was drafted on Allied Marine letterhead and signed by the seller and buyer.

1

The seller alleges it fulfilled its contractual obligations and transferred ownership of the yacht to the buyer. Shortly after the putative closing date, however, the buyer instructed Allied Marine to return the $7 million being held in escrow because the seller didn't provide the necessary closing documents and, therefore, breached the sales contract.[2] The seller immediately objected to Allied's returning any of the $7 million. This lawsuit eventually ensued.

The plaintiff originally asserted twelve counts against the buyer and Allied Marine, most of which were voluntarily dismissed. This motion only pertains to Count VII against the buyer for tortious interference with a business relationship. Specifically, the seller contends the buyer interfered with a business relationship that existed between the seller and Allied Marine, by demanding return of the $7 million purchase price.

I.

Judgment on the pleadings is appropriate when there are no material facts in dispute and the moving party is entitled to judgment as a matter of law based on the substance of the pleadings and any judicially noticed facts. Douglas Asphalt Co. v. Qore, Inc., 541 F.3d 1269, 1273 (11th Cir. 2008). A motion for judgment on the pleadings is governed by the same standard as a motion to dismiss for failure to state a claim for relief. Hawthorne v. Mac

---

[2] This information comes from letters sent by the buyer to Allied Marine dated February 13 and 18, 2009, which the plaintiff attached to the complaint as Exhibits E and F.

Adjustment, Inc., 140 F.3d 1367, 1370 (11th Cir. 1998). Indeed, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

II.

To sustain a claim for tortious interference with a business relationship under Florida law, the plaintiff must plead four elements: (1) the existence of a business relationship under which plaintiff has legal rights, not necessarily evidenced by an enforceable contract; (2) proof of defendant's knowledge; (3) intentional and unjustified interference with relationship by defendant; and (4) damage to plaintiff as a result of interference. Nautica International v. Intermarine USA, L.P., 5 F. Supp. 2d 1333, 1344 (S.D. Fla. 1998); Salit v. Ruden, McClosky, Smith, Schuster & Russell, P.A., 742 So. 2d 381, 385 (Fla. 4th DCA 1999). Only the third element is at issue here, that is, whether the buyer's interference was unjustified.

For interference to be unjustified, "the interfering defendant must be a third party, a stranger to the business relationship." Ernie Haire Ford, Inc. v. Ford Motor Company, 260 F.3d 1285, 1294 (11th Cir. 2001) (quoting Salit v. Ruden, McClosky, Smith, Schuster & Russell, P.A., 742 So. 2d 381, 386 (Fla. 4th DCA 1999). The facts of this case are indistinguishable from the many cases in which courts have rejected the possibility that a party with a legitimate, legally recognized stake in a business relationship can be liable for tortiously interfering with that relationship. See,

3

e.g., Genet Co. v. Annheuser-Busch, Inc., 498 So. 2d 683, 684 (Fla. 3rd DCA 1986); Ethyl Corp. v. Balter, 386 So. 2d 1220, 1224-25 (Fla. 3rd DCA 1980); Nautica Intern., Inc. v. Intermarine USA, L.P., 5 F. Supp.2d 1333, 1345-46 (S.D. Fla. 1998); Hall v. Burger King Corp., 912 F. Supp. 1509, 1537-38 (S.D. Fla. 1995). In this case, the buyer's right to prevent Allied from disbursing money was written into the Purchase and Sale Agreement:

> In the event the closing is not consummated due to non-performance of Seller regarding any of the covenants in this contract, all money paid or deposited pursuant to this contract by the Buyer shall be returned to the Buyer upon demand.

In other words, the buyer was authorized to prevent Allied from releasing the $7 million if the seller didn't perform its contractual obligations, one of which was to "deliver to the Buyer all necessary documents for transfer of title to the buyer on or before the closing." Exhibits to the complaint demonstrate that the buyer invoked its right to cancel the deal because, it in its view, the seller did not deliver the proper closing papers.[3]

To avoid dismissal of Count VII, the plaintiff nevertheless argues that "Inspiration II's motion is based upon the mistaken assumption that the Purchase Agreement entered into between Inspiration I and Inspiration II is the 'business relationship' with which Inspiration II is alleged to interfere." In other words,

---

[3] Whether or not the buyer is correct that the seller breached the contract is a separate question which is presently before the Court on summary judgment.

the plaintiff submits there existed a separate, private business relationship between the plaintiff and Allied that the buyer was not privy to and, therefore, could be liable for interfering with. In the final analysis, however, it makes no difference whether there was a separate business relationship between the seller and Allied. Even accepting the plaintiff's somewhat fanciful position that the complaint is ambiguous about which "business relationship" the buyer interfered with, there is no ambiguity about the manner in which the buyer allegedly interfered. The plaintiff explains in paragraphs 75 and 77 of the amended complaint that:

> Inspiration II intentionally and unjustifiedly caused Allied to breach the [Purchase and Sale Agreement] and abrogate its fiduciary duty to Inspiration I by instructing [Allied] to refuse to disburse the purchase funds held in escrow to Inspiration I.
>
> * * * *
>
> Inspiration II knew or should have known that its instructing Allied to refuse to release the purchase funds at issue to Inspiration I would cause Allied to refuse to release said funds, in violation of Allied's duties and responsibilities owed to Inspiration I and, further, that such instruction would cause damage to Inspiration I.

Thus, the buyer's only alleged "act" of interfering was telling Allied not to release the money. The question is simply whether the plaintiff can establish that act was unjustified under Florida tort law. It cannot. As a party to the contract with the authority to prevent Allied from releasing the money, the buyer had a privilege to do what it did without the specter of tort liability for

interfering with a business relationship.[4] If the plaintiff is correct that the buyer--by invoking its contractual right to demand return of the purchase price--caused Allied Marine to breach an unspecified duty owed to the plaintiff separate from the Purchase and Sale Agreement, then it appears Allied Marine may have put itself in a position of conflicting obligations. In any event, the factual allegations are not enough to sustain the claim for tortious interference with a business relationship against Inspiration II. Accordingly, it is hereby:

**ORDERED AND ADJUDGED:** The defendant's motion for judgment on the pleadings with respect to Count VII is GRANTED. The plaintiff's claim for tortious interference with a business relationship against Inspiration II is dismissed, with prejudice.

**DONE AND ORDERED** in Miami, Florida, April 26, 2009.

WILLIAM M. HOEVELER
SENIOR UNITED STATES DISTRICT JUDGE

---

[4] The Court does not comment on whether the buyer was correct the seller's closing documents were inadequate. That is a question of contract law. Under Florida tort law, the so-called "privilege to interfere" is not destroyed unless the buyer acted with malice and without a legitimate business-minded purpose. See Salit, 742 So. 2d at 386. The plaintiff does not make this allegation in the pleadings.

6