UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

09-CIV-20472-HOEVELER

**INSPIRATION YACHT CHARTERS, INC.**,
    Plaintiff,

v.

**INSPIRATION YACHT CHARTERS, II, INC.**,
**and ALLIED MARINE, LLC**
    Defendants

_____

## ORDER

BEFORE the Court is Allied Marine's "Motion for Clarification and Further Relief." The briefing is complete and the Court is fully advised in the premises. In reality, Allied's submission is a motion for reconsideration of the Court's previous ruling that Allied is not entitled to reimbursement of attorney's fees from the seller.

I.

Courts have observed that any motion calling into question the correctness of a judgment is functionally a motion under Rule 59, and that the distinction between Rule 59 and Rule 60 is basically a matter of timing. When the motion for reconsideration is filed within ten days of entry of the order, Rule 59 governs; when it is filed after ten days, Rule 60(b) applies.[1] See Region 8 Forest

---

[1] The Court's memorandum opinion and final judgment is dated December 1, 2010. The clerk entered it into the electronic docket December 2, 2010. Allied filed the motion for clarification/

1

Serv. Timber Purchasers Council v. Alcock, 993 F.2d 800, 806 n. 5 (11th Cir. 1993); Harcon Barge Co., Inc. v. D & G Boat Rentals, Inc., 784 F.2d 665, 669-670 (5th Cir. 1986); Western Industries, Inc. v. Newcor Canada Ltd., 709 F.2d 16, 17 (7th Cir. 1983). Three grounds justify relief under Rule 59: "1) an intervening change in controlling law; 2) the availability of new evidence; and 3) the need to correct clear error or prevent manifest injustice." Williams v. Cruise Ships Catering & Service Int'l, N.V., 320 F. Supp. 2d 1347, 1357-58 (S.D. Fla. 2004); Reyher v. Equitable Life Assur. Soc., 900 F. Supp. 428, 430 (M.D. Fla. 1995). A motion for reconsideration is not intended as a means for parties to re-litigate arguments the Court has already heard. Reyher, 900 F. Supp. 2d at 430. Because of considerations of finality, the party seeking a different outcome must set forth facts or law of a strongly convincing to demonstrate why the Court should alter its prior decision. See id.

II.

After hearing the evidence presented at trial and considering all of the arguments, the Court did not accept any of Allied's positions in support of winning attorney's fees from the seller, including Allied's interpleader theory. In presenting its motion for reconsideration, Allied once again urges that the seller should indemnify Allied for its attorney's fees, costs, and expenses

---

reconsideration December 21, 2010.

2

incurred in this litigation, either based on Allied's role as the seller's "escrow agent," or as the seller's broker. But Allied has not presented any facts or law that would compel the Court under Rule 60 (or Rule 59(e), had the motion been filed sooner) to alter the previous ruling that Allied is not entitled to relief from the seller under any theory. Accordingly, it is hereby:

**ORDERED AND ADJUDGED:** Allied Marine's motion [ECF No. 172] is denied.

**DONE AND ORDERED** in Miami, Florida, April 28th, 2011.

_____
WILLIAM M. HOEVELER
UNITED STATES DISTRICT COURT JUDGE