UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 09-20472-CIV-HOEVELER

INSPIRATION YACHT CHARTERS, INC.,
Plaintiff,

v.

INSPIRATION YACHT CHARTERS, II, INC.,
and ALLIED MARINE, LLC, Defendants
_____/

**CLOSED CIVIL CASE**

## ORDER

THIS CAUSE comes before this Court on the Motion for Release of Deposit Funds filed by the Plaintiff, Inspiration Yacht Charters, Inc. Having reviewed the Motion and being otherwise fully advised in the premises, it is hereby ordered and adjudged that the Motion should be GRANTED for the reasons outlined below.

Inspiration Yacht Charters, Inc. ("Inspiration 1") sued Inspiration Yacht Charters II, Inc. ("Inspiration 2") and Allied Marine, LLC. ("Allied") for the return of a security deposit of $690,0000, which was intended to be the deposit on a $7,000,000 yacht sale. This Court, in entering a Final Judgment in this case, held that the deposit should be divided equally between Inspiration 1 and "the brokers". This Court additionally found that the brokers for this transaction were Allied and International Yacht Charters, Inc. ("IYC"), a non-party to this suit.

In the Court's order on Allied's Motion for Clarification and Further Relief,

the Court denied Allied's request that the seller, Inspiration 1, should indemnify Allied for its attorney's fees, costs, and expenses. Allied now requests that IYC, the other broker to this deal, be held partially responsible for the attorney's fees, costs and expenses. Allied contends that because Allied incurred all the financial burden of litigation and IYC has had no financial risk thus far, yet stands to collect a significant portion of the deposit, IYC should also be responsible for at least a portion of the attorney's fees, costs, and expenses incurred by Allied.

Allied also argues that IYC should be held responsible for future legal expenses, to be paid out of a joint "common fund", which would be created by the deposit in question. Allied argues that the common fund doctrine entitles Allied to be reimbursed for its attorney's fees, costs, and expenses before any money is distributed either to IYC or to itself. The Court notes that IYC was never joined as a party by Allied, nor did IYC ever attempt to intervene in the suit; IYC never had control over the legal theories that were used by Allied throughout the litigation, nor do they have an opportunity to appeal this or any related decision. Briefly stated, the Court rejects Allied's common fund arguments.

The Court has already rejected Allied's arguments in relation to holding Inspiration 1 responsible for Allied's attorney's fees, reasoning that only Allied should be effected by a reduction of the recovery to pay for its attorney's fees and that Allied was not entitled to recover fees from the seller, Inspiration 1. Inspiration 1 argues that for the same reason, IYC should not be held responsible in

any part for Allied's fees. Inspiration 1 suggests a division of the deposit whereby 50% ($345,000 plus any interest) would go to Inspiration 1, and 25% ($175,500 plus any interest) to each Allied and IYC; and that Allied should collect its attorney's fees, costs, and expenses from its portion of the recovery. Inspiration 1 suggests that this is the division that most closely mirrors the contractual agreement.

The Court agrees that IYC should not be held responsible for the attorney's fees of Allied. Accordingly, it is hereby:

ORDERED AND ADJUDGED that the Motion for Release of Deposit Funds is GRANTED, and the deposit funds shall be released as follows:

Fifty percent (50%) of the deposit, in the amount of Three Hundred Forty Five Thousand and 00/100ths United States Dollars (US $345,000.00), plus Fifty percent (50%) of any accrued interest, shall be released to Plaintiff, Inspiration Yacht Charters, Inc.

Twenty Five percent (25%) of the forfeited deposit, in the amount of One Hundred Seventy Two Thousand Five Hundred and 00/100ths United States Dollars (US $172,500.00), plus Twenty Five percent (25%) of any accrued interest, shall be released to Allied Marine, LLC.

Twenty Five percent (25%) of the forfeited deposit in the amount of One Hundred Seventy Two Thousand Five Hundred and 00/100ths United States Dollars (U.S. $172,500.00), plus Twenty Five percent (25%) of any accrued

interest, shall be released to non-party International Yacht Collection, LLC.

DONE AND ORDERED in Chambers in Miami, Florida this 26th day of September 2011.

*[signature: Wm M Hoeveler]*
WILLIAM M. HOEVELER
SENIOR UNITED STATES DISTRICT COURT JUDGE

<u>Copies furnished:</u>
Counsel of Record